IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| GEICO COUNTY MUTUAL INSURANCE COMPANY, | § § § § § | |
| Plaintiff, | | |
| v. | § § § § § § § § | Civil Action No.  3:18-cv-0326-M |
| RAFAEL ANTONIO DELEON AND MERCER TRANSPORTATION CO., INC. | | |
| Defendants. | | |

## REMAND ORDER

Before the Court is the Motion for Exercise of Supplemental Jurisdiction [ECF No. 1], filed by Defendants Rafael DeLeon and Mercer Transportation Co., Inc. ("Mercer").  After reviewing the Motion, the Court concludes that federal subject matter jurisdiction is lacking and remands this matter to the state court from which it was removed.

This case arises from a car accident between Jennifer Lacy and DeLeon.  At the time of the accident, DeLeon was driving an 18-wheeler owned by Mercer.  Lacy filed a suit in Texas state court, asserting a negligence claim against DeLeon and negligent entrustment and respondeat superior claims against Mercer.  DeLeon and Mercer removed the case to the Northern District of Texas based on diversity jurisdiction.  *See Jennifer Lacy v. Rafael DeLeon and Mercer Transp. Co., Inc.*, No. 3:17-cv-3479-L (N.D. Tex. 2017) ("*Lacy* case").  For a case to be removed based on diversity jurisdiction, "all persons on one side of the controversy [must] be citizens of different states than all persons on the other side," and the matter in controversy must exceed $75,000. *Harvey v. Grey Wolf Drilling Co*., 542 F.3d 1077, 1079 (5th Cir. 2008) (internal quotations omitted); 28 U.S.C. § 1332(a).  DeLeon and Mercer alleged that Lacy was a resident of Texas,

1

DeLeon was a resident of New Mexico, and Mercer was a citizen of Kentucky, and that Lacy made a demand for damages in excess of $75,000.

Plaintiff Geico County Mutual Insurance Company ("Geico"), as Lacy's car insurance policyholder, brought a separate suit against DeLeon and Mercer in Texas state court, seeking $10,325.89 for damage to Lacy's car as a result of the collision with DeLeon. DeLeon and Mercer removed the case to this Court and filed the instant Motion for Exercise of Supplemental Jurisdiction. DeLeon and Mercer argue that this Court has supplemental jurisdiction over the case under 28 U.S.C. § 1367, because Geico's claims arise out of and relate to the claims asserted in the *Lacy* case. (Mot. at ¶ 2.1).

A district court may only exercise supplemental jurisdiction if it has original jurisdiction over at least one claim. *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 294 (5th Cir. 2010); *Griffin v. Lee*, 621 F.3d 380, 384 (5th Cir. 2010). Here, the Court does not have original jurisdiction over any of Geico's claims. While diversity of citizenship exists among the parties, Geico does not plead damages in excess of $75,000. Without original jurisdiction over a single claim, the Court cannot exercise supplemental jurisdiction. Even if the Court could exercise its discretion to assert jurisdiction over Geico's claims, it would not do so.

Thus, because this Court lacks subject matter jurisdiction, this case is REMANDED to the County Court at Law No. 4 of Dallas County, Texas.

**SO ORDERED.**

March 21, 2018.

_____
BARBARA M. G. LYNN
CHIEF JUDGE

2